**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

ROBERT DESANTIS,
*individually and on behalf of*
*all those similarly situated,*

**Plaintiff,**

v.

COLLECTION MANAGEMENT
COMPANY D/B/A CREDIT
MANAGEMENT COMPANY,

**Defendant.**

## CLASS ACTION COMPLAINT

Plaintiff Robert DeSantis ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Collection Management Company d/b/a Credit Management Company ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. Supplemental jurisdiction exists for the FCCPA claims under 28 U.S.C. § 1367.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Bay County, Florida.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Bay County, Florida.

## PARTIES

5. Plaintiff is a natural person and a citizen of the State of Florida, residing in Bay County, Florida.

6. Defendant is a Corporation with its principal place of business located in Allegheny County, Pennsylvania.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

8. On or about June 22, 2026, Defendant began attempting to collect a debt from Plaintiff (the "Consumer Debt").

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Defendant's "Consumer Collection Agency" license number is CCA9902496.

15. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**The Unlawful Communications**

16. On or about June 22, 2026, Defendant attempted to collect the Consumer Debt from Plaintiff (the "Collection Communication").

17. A screenshot of the Collection Communication is attached hereto as "Exhibit A."

18. The Collection Communication was communication in connection with the collection of the Consumer Debt.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

19. The Collection Communication was a phone call from Defendant to Plaintiff's cell phone.

20. Upon information and belief, the Collection Communication was sent by Defendant at 7:26AM in Plaintiff's time zone.

21. The Collection Communication was delivered to Plaintiff at 7:26AM in Plaintiff's time zone.

## CLASS ALLEGATIONS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "FDCPA Class" and "FCCPA Class" (collectively, the "Classes").

### PROPOSED CLASS

23. The **"FDCPA Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was delivered after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

24. The "**FCCPA Class**" consists of [1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was delivered after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.

25. Defendant and its employees or agents are excluded from the Classes.

26. Plaintiff does not know the number of members in the Classes but believes the members of the Classes to be in the several thousands, if not more.

**NUMEROSITY**

27. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after 8 o'clock antemeridian and before 9 o'clock post meridian. The members of the FDCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout Florida after 8 o'clock antemeridian and before 9 o'clock post meridian. The members of the FCCPA Class, therefore, are believed to be so numerous that joinder of all members is



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

impracticable.

29. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

30. There are numerous questions of law and fact common to the FDCPA Class which predominate over any questions affecting only individual members of the FDCPA Class. Among the questions of law and fact common to the FDCPA Class are: [1] Whether Defendant sent a collection communication to Plaintiff and members of the FDCPA Class in an attempt to collect a debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant, by and through said collection communications, violated the FDCPA; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

31. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; [2] Whether Defendant is a "person" within the



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

meaning of Fla. Stat. § 559.72; [3] Whether Defendant, by and through said collection communications, violated the FCCPA; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA and FCCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

33. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

36. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**
***(For Plaintiff and the FDCPA Class)***



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

37. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 1-36 of this Class Action Complaint as though fully stated herein.

38. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, "without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction," to "communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. ***In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location***." 15 U.S.C. § 1692c(a)(1) (emphasis added).

39. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. See Exhibit A. The Collection Communication was sent to Plaintiff at 7:26AM in Plaintiff's time zone. Defendant did not have the consent of Plaintiff to communicate with Plaintiff 7:26AM. As such, by and through the Collection Communication, Defendant violated § 1692c(a)(1) of the FDCPA.

## PRAYER FOR RELIEF



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

40. WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) An order certifying this case as a class action on behalf of the FDCPA Class as defined above, and appointing Plaintiff as the representative of the FDCPA Class and Plaintiff's counsel as FDCPA Class Counsel;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(a)(1);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(a)(1) with respect to the Plaintiff and the Class;

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72 (17)**
***(For Plaintiff and the FCCPA Class)***

41. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 1-37 of this Class Action Complaint as though fully stated herein.

42. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. See


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

generally Fla. Stat. § 559.72. Specifically, in collecting consumer debts and pursuant to the FCCPA, no person shall: "[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor." Fla. Stat. § 559.72(17).

43. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. See Exhibit A. The Collection Communication was sent to Plaintiff at 7:26AM in Plaintiff's time zone. Defendant did not have the consent of Plaintiff to communicate with Plaintiff at 7:26AM. As such, by and through the Collection Communication, Defendant violated Fla. Stat. § 559.72(17).

## PRAYER FOR RELIEF

44. WHEREFORE, Plaintiff, on behalf of themselves and members of the Classes, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) An order certifying this case as a class action on behalf of the FCCPA Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) Statutory damages as provided by Fla. Stat. § 559.77(2);

(c) An order declaring that Defendant's actions, as set out above, violate Fla. Stat. § 559.72(17);

(d) An injunction requiring Defendant to comply with Fla. Stat. § 559.72(17);



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(e) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: September 29, 2026

Respectfully Submitted,

/s/ Samuel J. Awad .

**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*